Filed 6/18/25  P. v. Nicholson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C101177 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2014-0005067, SF127084B) |
| v. | |
| KYREN NICODEMUS NICHOLSON, | |
| Defendant and Appellant. | |

Defendant Kyren Nicodemus Nicholson appeals from the trial court's order declining to dismiss an enhancement under Penal Code[1] section 1385.  Defendant contends that remand is necessary to ensure that the order comports with our Supreme Court's decision in *People v. Walker* (2024) 16 Cal.5th 1024, issued subsequent to the trial court's decision.  Defendant argues that the trial court failed to consider mitigating circumstances and failed to present substantial, credible evidence of aggravating factors

---

[1]     Undesignated statutory references are to the Penal Code.

1

"to neutralize the 'great weight' of the mitigating circumstances." (*Id*. at p. 1036.) We conclude that the trial court was not required to consider mitigating circumstances in light of the court's finding that defendant would endanger the public if his sentence were reduced. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, a jury found defendant guilty of second degree murder and found true that he personally discharged a firearm causing death. The trial court sentenced defendant to 15 years to life for second degree murder and 25 years to life for the firearm enhancement. Defendant appealed and this court remanded the matter to the trial court to consider whether to strike the firearm enhancement under section 1385, as amended by Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018; § 12022.53, subd. (h)). (*People v. Nicholson* (Feb. 2, 2021, C083498) [nonpub. opn.].)

On remand, the trial court declined to strike the firearm enhancement. Defendant appealed, contending, inter alia, the trial court erred in concluding the enhancement could not result in a sentence of over 20 years. (*People v. Nicholson* (Jan. 22, 2024, C097850) [nonpub. opn.].) We agreed with defendant. Because the record did not establish the trial court would have reached the same conclusion but for this error, we vacated the order and remanded for resentencing. (*Ibid*.)

In April 2024, defendant filed a resentencing brief arguing the enhancement should be dismissed under section 1385 based on two mitigating circumstances enumerated in the statute: (1) the enhancement resulted in a sentence over 20 years and (2) defendant's youth at the time of the offense. Defendant also maintained the presence of statutory mitigating circumstances created a presumption in favor of dismissal that the prosecution failed to rebut.

The prosecution opposed, arguing that striking the enhancement would not be in the interest of justice given the circumstances of the crime: Defendant stood over the victim who was on the ground begging for his life and fired two shots killing him. The

2

prosecution further noted that the issue of whether section 1385, subdivision (c) creates a rebuttable presumption was currently under review by our Supreme Court.

On April 29, 2024, the trial court conducted a resentencing hearing. The court denied defendant's request to strike the enhancement, finding that defendant would be a danger to public safety and also that it was not in the interest of justice to change defendant's sentence. The court explained: "It was callous . . . that defendant stood over a man; first, the co-defendant allegedly shot the victim's vehicle. [¶] Then the victim came outside and the defendant stood over the victim while he was lying in the street begging for his life, and shot him twice and killed him." The trial court further stated that it had given great weight to mitigating circumstances but the callousness of defendant's actions outweighed that consideration.

Defendant appeals.

DISCUSSION

Defendant contends the trial court erred in declining to dismiss the firearm enhancement because it failed to consider mitigating circumstances and did not present substantial, credible evidence of countervailing factors to neutralize the great weight of the mitigating circumstances. The trial court, however, found that dismissing the enhancement would endanger public safety. Therefore, the trial court was not required to consider mitigating circumstances.

We generally review the trial court's decision not to strike a sentence enhancement under section 1385, as well as specifically whether dismissal would endanger public safety, for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298; *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.) "The abuse of discretion standard is highly deferential. When, ' "as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*Mendoza*, at

3

p. 298; see also *People v. Garcia* (2024) 101 Cal.App.5th 848, 857 [a trial court's "risk finding" that dismissal of an enhancement would endanger public safety "will be upheld 'if it falls within "the bounds of reason, all of the circumstances being considered" ' "].)

Section 1385, subdivision (c)(2) provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

Thus, section 1385, subdivision (c)(2) "provides that in determining whether to dismiss an enhancement 'under this subdivision,' the court must consider nine listed mitigating circumstances if proven by the defendant (§ 1385, subd. (c)(2)(A)-(I)), 'unless the court finds that dismissal of the enhancement would endanger public safety' (*id*., subd. (c)(2)). That provision means that if the court finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the listed mitigating circumstances. (§ 1385[, subd. ](c)(2).)" (*People v. Mendoza*, *supra*, 88 Cal.App.5th at p. 296, fn. omitted.)

Defendant relies on our Supreme Court's decision in *People v. Walker*, *supra*, 16 Cal.5th 1024. In *Walker*, the high court rejected the Court of Appeal's conclusion that the presence of mitigating circumstances enumerated in section 1385, subdivision (c) "creates a rebuttable presumption in favor of dismissing an enhancement that can only be overcome by a finding that dismissal endangers public safety." (*Walker*, at p. 1034.) On the other hand, "if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice. This

4

means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id*. at p. 1036.)

Here, the trial court made an express finding that dismissal of an enhancement would endanger public safety based on defendant's "callous" actions in shooting the victim, who was lying on the ground and pleading for his life. Section 1385, subdivision (c)(2) "does not require the trial court to consider any particular factors in determining whether 'there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.' " (*People v. Mendoza*, *supra*, 88 Cal.App.5th at p. 299.) A court may rely on the circumstances of the charged offense to find a defendant a danger to the public. (See *People v. Graham* (2024) 102 Cal.App.5th 787, 798-799 [trial court did not abuse its discretion in finding the defendant posed " 'an unreasonable risk of danger to public safety' " under §§ 1001.36 and 1170.18, based "on the serious and violent nature of [the] defendant's charged crime and [the] defendant's actions during the commission of those crimes"]; *Mendoza*, at p. 298 [determination whether dismissal would endanger public safety under § 1385, subd. (c)(2) is similar to whether resentencing the petitioner would pose an unreasonable risk of danger to public safety under § 1170.18, subd. (b)]; see also *People v. Garcia*, *supra*, 101 Cal.App.5th at p. 856.) Accordingly, having made a finding that dismissal of an enhancement would endanger the public, the trial court was not required to consider mitigating circumstances. (*Mendoza*, at p. 296.)

In *Gonzalez*, the appellate court held that determination a defendant posed a danger to society under section 1385, subdivision (c) also involves evaluating whether the defendant would be a danger when released in the future, including after serving a lengthy sentence that might remain after dismissal of an enhancement. (*People v.*

5

*Gonzalez*, *supra*, 103 Cal.App.5th at p. 228.)  The appellate court held the trial court erred in interpreting section 1385 as requiring it to decide only whether the defendant currently posed a danger to the public.  (*Garcia*, at p. 230.)  The appellate court rejected the trial court's "singular focus on whether the defendant *currently* poses a danger." (*Id*. at p. 228.)  Here the trial court's statements do not show that it interpreted section 1385 as limited to defendant's current dangerousness.  Rather, the trial court found defendant would be a danger to society based on the callousness of the crime.  The trial court did not focus on, or limit, the temporal nature of the risk posed by an offender capable of such violence and cruelty.

In any event, defendant does not argue that the trial court's finding of danger to the public constituted an abuse of discretion.  Indeed, defendant essentially ignores the finding.  To be sure, defendant asserts the trial court failed to consider nonstatutory "mitigating factors" in the probation report that might arguably be relevant to a determination whether defendant posed a risk to public safety, e.g., that defendant had no adult criminal history, earned a high school diploma in custody, and scored " 'low risk to reoffend' " on the Static Risk and Offenders Needs Guide assessment tool.  The probation report, however, also sets forth defendant's repeated statements that "he 'did not do anything' " and " '[he] did not do anything to anyone.' "  In addition, the report states: "During his stay in the county jail . . . defendant received numerous write-ups concerning noncompliance with the housing guidelines as of this writing."  In sum, the probation report does not establish that defendant had or would become less dangerous to public safety during incarceration.  Defendant offers no other evidence or information indicating defendant would not endanger public safety if dismissal of an enhancement reduced his sentence.

DISPOSITION

The judgment is affirmed.


/s/_____
ROBIE, J.



We concur:



/s/_____
HULL, Acting P. J.



/s/_____
DUARTE, J.